HAYS, Plaintiff in Error, *vs.* BELL & WILLIAMS, Defendants in Error.

1. If there is any evidence, however slight, it is error for a court to tell a jury there is none.
2. It is error for a court to give instructions to a jury, which are supported by no evidence.

*Error to Howard Circuit Court.*

*Prewitt* and *Henry*, for plaintiff in error, insisted that, admitting the allegations in defendants' answer to be true, plaintiff

was entitled to a judgment for the principal of his debt ; and cited, *Connor* v. *Hackley*, 2 Met. 613.   *Bradley* v. *Covel*, 4 Cow. 349.   5 N. H. 294.   15 John. Rep. 505.   5 T. R. 471.   Selwin N. P. 1118.   4 Bingham, 309.  5 ib. 132. No new contract was proved.   A verdict will not be sustained, where there was no evidence to support it, or where the jury could not have found it, without assuming a principle against the law.   *Todd* v. *Boone Co.* 8 Mo. 431.

*Clark*, for defendants in error, cited 12 Mo. Rep. 194. *Oldham* v. *Henderson*, 4 Mo. 301.   *Mulliken* v. *Greer*, 5 Mo. 493.   *Lackey* v. *Lane & McCabe*, 7 Mo. 220.   *Dooley & Kirkland* v. *Jennings*, 6 Mo. 61.

RYLAND, Judge, delivered the opinion of the court.

The following is the statement of the facts of this case, which I embody as part of my opinion, in order that the points decided may be properly understood.

Hays sued Bell and Williams in the Howard Circuit Court, on a bond for $750, dated 13th April, 1841, and bearing ten per cent. per annum interest from date, given to Irvin W. Hays, endorsed by him in blank, and on the 25th October, 1849, endorsed by William B. Hays to plaintiff.

Plaintiff's petition alleges that Irvin Hays endorsed and delivered said bond to William B. Hays, who, on the 25th October, 1849, endorsed and delivered it to plaintiff, and that said bond and ten per cent. per annum interest thereon are due him.

Defendants' answer alleges that they borrowed the money of Irvin and William B. Hays, and that, at the same time, defendant, Williams, delivered to them a negro man, named Peyton, to be kept by them for twelve months, for the interest of said money for that time ; that he and they, under the name of " I. W. Hays & Brothers," entered into a written agreement to that effect ; that the slave remained in their possession from then until the 26th October, 1849 ; that the slave was worth at least one hundred and fifty dollars per year, and would have hired for that sum ; that after the first year, defendants were

entitled to receive a credit on said note, for each year, for the worth of said negro's hire, and that Irvin and William B. Hays were the owners of the bond until the 25th day of October, 1849, the date of William Hays' assignment to plaintiff.

On the trial, plaintiff read in evidence the bond and endorsements, and defendants then proved, by William Herriford, that Irvin Hays signed the agreement referred to in defendants' answer, and that witness attested it.

"$750.                    " CHARITON, April 13th, 1841.

" Twelve months after date, with interest at the rate of ten per cent. per annum, from date until paid, I, William Williams, as principal, John M. Bell and William Feazel, securities, agree to pay Irvin W. Hays, the sum of seven hundred and fifty dollars, for value received.

"WM. WILLIAMS,     [seal.]

" JNO. M. BELL,     [seal.]

" WM. M. FEAZEL,"  [seal.]

The following endorsements appear on the back of said bond:

" Irvin W. Hays.

" For value received, I assign the within note over to Marion W. Hays, without defalcation or discount, this October 25th, 1849.                    " WM. B. HAYS."

" This agreement between Wm. Williams, of the one part, and Irvin W. Hays & Brothers, of the other part, witnesseth, that I, the said Williams, have this day hired to said Irvin W. Hays & Brothers, a negro man, named Peyton, for which said Irvin W. Hays & Brothers accommodate said Williams with the sum of seven hundred and fifty dollars, for the use of which, said negro is to serve the said Irvin W. Hays & Brothers, for the term of twelve months from this date; said I. W. Hays & Brothers further agree to furnish said negro with summer and winter clothing.

" WM. WILLIAMS.

" I. W. HAYS & BROS.

" Thorntonsburg, April 13th, 1841.

" Witness : WILLIAM HERRIFORD."

The agreement was then read, and witness further stated that during that year, as he thought, some tobacco was put up at the farm of Benjamin Hays, the father of Irvin and William Hays and the plaintiff; that some time during the summer it was brought to Carson & Hays' store, at the mouth of the Chariton, to be shipped by them, and that Irvin, who was one of the firm of Carson & Hays, told witness to mark the tobacco "I. W. Hays & Brothers," which he did; that he was then clerk of Carson & Hays; that that firm consisted of W. and N. Carson and Irvin W. Hays, and that he knew of no other transaction except those in which the name of "I. W. Hays & Brothers" was used. It was proved by defendants that Peyton served Carson & Hays for seven or eight years; that he was an excellent hand, and that such hands were worth one hundred and fifty dollars per year, and that hemp hands in the year 1842, hired from $150 to $200 per year.

Plaintiff then introduced evidence to show that Benjamin Hays was the guardian of William Hays; that the money loaned by Irvin Hays was his as such guardian; that he authorized Irvin to lend it out for him; that Irvin gave him the note in a few days after; that he did not know Irvin had lent it in Irvin's name until then, and did not know that Irvin had taken Peyton for the interest until some time after; that there was no partnership between Irvin and William Hays; that William was then a minor, under his guardianship; that shortly afterwards, during that year, when William came of age, he settled with the court and gave this note to William as part of his money; that William inherited it as heir of one Bartley, and that Irvin was then of age and had no interest in that money; that the tobacco marked "I. W. Hays & Brothers," was Benjamin Hays' tobacco, and was put up in 1842; that Carson & Hays failed in 1845, and that William Hays told Williams, the defendant, in the spring of that year, that he would not look to Carson & Hays any longer than to the 13th April, for the interest of the bond.

Plaintiff also proved by William D. Swinney, that he had a

conversation with the defendant, Williams, in the year 1845, and at various times up to that time, in which Williams told him that Peyton was working for the interest of this bond ; that he thought Peyton would hire for more, and he wanted to borrow money of witness to pay the note and get his boy.

The court instructed the jury on plaintiff's motion,

1. That if Williams hired the negro Peyton to I. W. Hays & Brothers, for one year, for seventy-five dollars, and the negro was kept by them or either of them, without objection by Williams, and without any new agreement between the parties, then the law presumes that the hiring continued at the same rate, although they may believe that the negro was worth more.

5. That if, at the end of the first year, Williams hired the negro Peyton to Carson & Hays, and if William B. Hays was the owner of the note and agreed to look to Carson & Hays for the interest of his money, and that William B. Hays, in the year 1844, or beginning of the year 1845, notified the defendant, Williams, that he would not take them longer than to the 13th day of April, 1845, for the interest, then the jury will find for the plaintiff the principal, and interest thereon at ten per cent. from that date, unless they believe that William Hays, after he so notified said Williams, agreed to take Irvin Hays, or the hire of the negro Peyton to Irvin, as a payment on said debt.

The plaintiff also asked the following instructions, which were refused, and the opinion of the court excepted to.

3. That if William B. Hays, after he got the note, told Williams that he would not take Carson & Hays, who had the negro, longer than to the 13th April, 1845, for the interest of the note, then defendants are not entitled to a credit for the interest of the note since that time, although they may believe that Carson & Hays or I. W. Hays had said negro afterterwards.

4. That if Williams and William B. Hays agreed that Hays should look to Carson & Hays for the interest on the money in this note, on account of their having Peyton, yet, the de-

fendants are liable for the note and interest after William noti-
fied him that he would no longer look to them for the interest,
although Carson & Hays continued to hold Peyton.

5. There is no evidence before the jury that William was in
partnership with Irvin, at the time of making the note sued on,
in hiring the negro, Peyton.

The court also gave, on defendant's motion, the following :

1. The jury are the proper judges as to whether I. W.
Hays and William Hays were partners in the contract of hiring ;
and, of its own motion, the following :

1. That the hire of the negro, Peyton, to Irvin Hays, is an
offset or payment of the note, if so agreed, until Williams, the
defendant, had notice that the note had become the property
of another person.

2. That if William Hays became the owner of the note and
agreed to take Carson & Hays or I. W. Hays, or the hire of
the negro, Peyton, in discharge of said note, or any part of
the same, a deduction from said note should be made in con-
formity with the agreement.

3. That the agreement may be established by circumstantial
evidence.

To the giving of all which instructions, plaintiff objected and
excepted.

The jury found a verdict for plaintiff for forty-three dollars
and forty-six cents, which plaintiff moved to set aside, be-
cause it was against the law and evidence and the instructions
of the court. The court overruled the motion and gave judg-
ment on the verdict, to which plaintiff excepted, and brings the
case here by writ of error.

The giving and the refusing of instructions, as appears from
the above full statement of the facts of the case, are the only
points which call for the consideration of this court. The
plaintiff below obtained a judgment, which, being for less
than he thought his right, he moved for a new trial, and
brings the case here by appeal.

There is nothing requiring this court to consider the instruc-

tions given for the plaintiff, as the defendant does not object, and the plaintiff has no right to complain of them, they being given on his own motion.

The three instructions, which the court refused to give, as asked for by the plaintiff, were, no doubt, refused upon the ground which authorized the single instruction given for the defendants.

1. It was for the jury to determine, upon the evidence, whether there was a partnership at the time of the hiring, between I. W. Hays and William Hays, as to the hiring. If there was a partnership in the hiring of the negro, at the time, and the boy was continued in their possession, or under their control, under the original hiring, then these instructions were properly refused. The court has the right, and it may be sometimes properly exercised, to declare that there is no evidence before the jury of such and such events or facts ; but it is to be exercised with great caution. It is always safer and more conducive to a proper finding by the jury, to have such matters stated hypothetically. If there be any evidence, however slight or insufficient, it would be error in the court to say to the jury that there is none. In the opinion of this court, then, there is no error in refusing to give the instruction which declares there is no evidence of the partnership in this case ; consequently there is no error in giving to the jury the instruction, which the defendants prayed the court to give, and which was given, informing the jury that they were the proper judges whether there was proof that I. W. Hays and William Hays were partners in the contract of hiring the negro or not.

The instructions given to the jury, on the court's own motion, now remain for our consideration.

2. In our opinion, the two first instructions thus given, are erroneous, for the reason that they were not warranted by the evidence given in the case before the court and jury.

There is no evidence showing that the hire of the negro was to be applied to the payment of the note, or as an offset against it. The evidence has a contrary tendency. The hire of the

negro was for the use of the money, or to discharge the interest arising on the loan.

Neither was there any evidence of any agreement on the part of William Hays to take Carson & Hays, or I. W. Hays, or the hire of the negro, Peyton, in *discharge of said note or any part of the same.*

These instructions, therefore, should not have been given; they were calculated to mislead the jury, and for the giving of which the judgment of the court below must be reversed.

The other Judges concurring, the judgment below is reversed and this cause is remanded.