SHARPE, *Appellant*, v. JOHNSTON.*

1.  **Malicious Prosecution**: PROBABLE CAUSE: MALICE.   It is essen-
tial to recovery in an action for malicious prosecution, that the pros-
ecution should be ended, and that it should have been instituted
maliciously and without probable cause.

If there be reasonable or probable cause, no malice, however
distinctly proved, will make the defendant liable.

The proof of malice does not establish the want of probable cause,
nor does the want of probable cause necessarily establish the ex-
istence of malice.   That is to say, malice is not an inference of law
from want of probable cause.   Malice need not, however, be proved

---

*Decided on rehearing June 19th, 1882.

by direct and positive testimony, but may be inferred from the facts which go to establish want of probable cause.

That reasonable and probable cause which wil. relieve a prosecutor from liability is a belief by him in the guilt of the accused, based upon circumstances sufficiently strong to induce such belief in the mind of a reasonable and cautious man.

2. ———: THE FINDING OF AN INDICTMENT: REFUSAL OF MAGISTRATE TO COMMIT. The action of a grand jury in finding a bill of indictment, or the commitment of the prisoner by the examining magistrate, is *prima facie* evidence of probable cause. The refusal of the magistrate to bind over is very persuasive evidence of want of probable cause.

When an indictment has been found, or the defendant has been committed by the examining magistrate, this *prima facie* evidence of probable cause may be rebutted or overthrown by evidence showing that such indictment or commitment was obtained by false or fraudulent testimony or other improper means, or by evidence showing that the prosecutor, notwithstanding the action of the grand jury or the committing magistrate, did not himself believe the defendant to be guilty.

When the examining magistrate refuses to commit, and it is thus determined that there is no probable cause for the prosecution, any inference of malice which may be drawn from such fact, will be overcome by showing that the prosecutor, after having fully informed himself as to all ascertainable facts bearing upon the guilt or innocence of the prisoner, and having fully and fairly communicated the same to reputable counsel, instituted the proceeding under the opinion of such counsel, that the plaintiff was legally subject to criminal charge, and himself believed such advice to be correct and that the plaintiff was guilty.

3. ———: ———: ———: APPEARANCE BEFORE GRAND JURY: FALSE TESTIMONY. When the prisoner is discharged by the examining magistrate and afterward the prosecutor voluntarily appears or causes himself to be summoned before the grand jury and procures the prisoner to be indicted for the same offense charged before the magistrate, this would be the institution of a second and independent prosecution, for which he could be held liable if he acted maliciously and without probable cause; but if in such case the prosecutor should not voluntarily appear, but should be summoned before the grand jury without his own procurement, he would not be liable to an action, unless the testimony given by him on which the indictment was founded was false or fraudulent.

4. ———: TWO INDICTMENTS, WHEN THEY MAY AND WHEN MAY NOT CONSTITUTE SEPARATE CAUSES OF ACTION. When two indictments are found for the same offense, and the second is preferred solely on ac-

count of some formal defect in the first, and the first is thereby suspended and is quashed, no action for malicious prosecution can be based upon the order of the court discharging the prisoner from the first. Even if the first be quashed before the second is found, if the court commits or recognizes the prisoner to answer a new indictment such new indictment could not be regarded as the institution of a new prosecution, but as a continuation of the proceedings under the first indictment.

5.  ———: FACTS CONSTITUTING MALICE, A QUESTION OF LAW.  In an action for malicious prosecution it should not be left to the jury to determine what facts will warrant the inference of malice.  This is a question of law for the court.  The proper way is to instruct the jury what facts, if found by them, will warrant the inference.

6.  ———: ADVICE OF COUNSEL: GOOD FAITH.  The discharge of the prisoner by the committing magistrate is *prima facie* evidence of want of probable cause, although counsel may have advised that he was criminally liable; and although the prosecutor may have communicated to counsel all the facts and circumstances bearing upon the guilt or innocence of the prisoner, which he knew or by reasonable diligence could have ascertained, yet if, notwithstanding the advice of counsel, he believed that the prosecution must fail and was actuated not simply by angry passions or hostile feelings, but by a desire to injure and wrong the prisoner, he cannot be said to have consulted counsel in good faith, and a jury will be warranted in finding that the prosecution is malicious.

7.  **Practice in Supreme Court**: REMITTITUR.  The plaintiff in an action for malicious prosecution recovered upon all the counts of his petition.  On appeal this court ordered the judgment reversed on the ground that he was not entitled to recover on one of them.  The plaintiff then offered to remit the damages recovered on that count, which was allowed, and the judgment thereupon affirmed.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED AFTER REMITTITUR.

The following are the instructions referred to in the opinion:  For the plaintiff:

7.  The defendants cannot shield themselves under the advice of counsel, unless they show that they communicated to such counsel all the facts bearing upon the guilt or innocence of the accused, which they knew or by reasonable diligence could have ascertained.

8. Even if the jury should find from the evidence that the defendants, prior to such prosecutions, communicated to counsel, learned in the law, all the facts, as defined in instruction number seven for the plaintiff, yet, nevertheless, if they should further find that said prosecutions were commenced or carried on at the instance of defendants, and that they were without probable cause, and that such counsel was not consulted by them in good faith, but that defendants were actuated in consulting said counsel, and in commencing or carrying on said prosecutions with angry passions and a hostile desire to injure and wrong the plaintiff, then the opinion and advice of such counsel is of no avail as a defense in the cause.

For the defendants:

5. If the jury believe from the evidence that the defendants, before the criminal prosecutions given in evidence were begun against plaintiff (Sharpe), consulted in good faith with one or more attorneys at law, and communicated all the facts within their knowledge, or which they might have learned by reasonable diligence bearing · upon the guilt or innocence of said Sharpe of the crime alleged, that said consultation and communication was had and made by defendants in good faith with the view to the advice of counsel learned in the law; that said attorney or attorneys so consulted, upon such submission of facts advised that plaintiff was liable to criminal prosecution therefor, and if the jury further find that said prosecutions were begun and carried on by defendants in good faith in accordance with said advice, and not in pursuance of a previous determination to commence said prosecution, then there was probable cause therefor, and the jury will find for the defendants.

13. If the jury believe from the evidence that the indictments in the criminal court were found against the plaintiff for the same offense charged against him in the affidavit in the court of criminal correction, then there was probable cause of plaintiff's guilt of the offense charg-

ed, and the burden of proof rests upon the plaintiff to overcome such *prima facie* case, and if the plaintiff has failed to do so, the jury will find for defendants.

14. If the jury believe from the evidence that the second indictment offered in evidence was found by the grand jury for the same offence charged in the first indictment, and that the second indictment superseded the first, and that there was no trial had on the said first indictment, then the jury cannot find for the plaintiff on the second count of plaintiff's petition.

15. If the jury believe from the evidence in the case that after the discharge of the plaintiff in the court of criminal correction that he was indicted in the criminal court by the grand jury for the same offense charged against him in the affidavit made by Henry C. McPike in the court of criminal correction, then *prima facie* defendants had probable cause to believe plaintiff guilty of the offense charged in such affidavit, and unless the jury believe that such indictments were procured by the defendants by false and fraudulent testimony before the grand jury, the verdict must be for defendants on all the counts in the petition.

16. If the jury believe that the indictments read in evidence were found against plaintiff for the same offense of which he had been discharged in the court of criminal correction, then *prima facie* there was probable cause of plaintiff's guilt of the offense charged against him, and the jury will find for defendants on all the counts in plaintiff's petition, unless they further find that the said indictments were procured by defendants by false and fraudulent testimony, and with express malice against the plaintiff.

17. If the jury believe that the indictments in the criminal court were found against the plaintiff by the grand jury for the same offense charged against him in the affidavit in the court of criminal correction, then *prima facie* there was probable cause of defendant's guilt, and the burden of proof rests on plaintiff to show that said indict-

ments were procured by defendants, and prosecuted with express malice against the plaintiff; and unless the jury so find they will find for defendants on all the counts in plaintiff's petition.

*Lackland & Martin* for appellant.

The eighth instruction for plaintiff was properly given. The ablest and most recent, as well as the most ancient authorities, require good faith in procuring the advice and commencing or carrying on the prosecution. Neither is there any conflict as to what constitutes good faith in such matters. *Skidmore v. Bricker,* 77 Ill. 164; *Lemay v. Williams,* 32 Ark. 166; *Scotten v Longfellow,* 40 Ind. 23; *Stevens v. Fassett,* 27 Me. 283; *Hewlett v. Cruchley,* 5 Taunt. 277; *Kendrick v. Cypert,* 10 Humph. 295; *McCarthy v. Kitchen,* 59 Ind. 500; *Ravenga v. Mackintosh,* 2 B. & C. 693; *Cole v. Curtis,* 16 Minn. 203; *Stewart v. Sonneborn,* 98 U. S. 187. It is not necessary, nor is it customary to confine the *mala fides* of the prosecution to any particular character of *mala fides,* nor to any particular form or expression disclosing or representing it. It is sufficient that the instruction requires such conduct on the part of the prosecutor as legally excludes the presence of an honest belief in the guilt of the accused. The prosecutor must have an honest belief in the guilt of the accused, and he must have reasonable grounds for so believing. *Vansickle v. Brown,* 68 Mo. 627. Now, the eighth instruction required the jury to find that the prosecutor had no probable cause, and that he commenced or carried on the prosecution with a hostile desire to wrong and injure the accused. Under those circumstances the advice of counsel is of no avail. There being in truth no probable cause, the advice of counsel is a cloak to the malice implied in the purpose of the prosecution. If it was commenced or carried on with the hostile desire to injure and wrong the accused, there could be no honest

belief in the guilt of the accused, there being no pretense of a probable cause outside of the advice of counsel.

It is an injury and wrong inflicted upon any one to subject him to the processes of the criminal law for the purpose of making him pay a debt or comply with any other behest of the civil law. *Gabel v. Weisensee*, 49 Tex. 131; *s. c.*, 8 Cent. L. J. 347.

An abuse of the process of the law is evidence of malice and want of probable cause. *Prough v. Entriken*, 11 Penn. St. 81; *Page v. Cushing*, 38 Maine 523; *Gallaway v. Burr*, 32 Mich. 335; *Seiber v. Price*, 26 Mich. 518; *Alexander v. Harrison*, 28 Mo. 265.

The court properly overruled the motion to compel plaintiff to elect on which count he would proceed. Each prosecution was in truth a complete thing in itself, resulting in a discharge of the accused. If he had been held over by the committing magistrate for indictment, then the proceeding before the magistrate and the indictment would have been one prosecution; there would appear no termination in his favor; no discharge between the two. Each indictment constituted a prosecution resulting in a discharge. The same is true of the proceedings in the court of criminal correction; an action lies for each. *Knott v. Sargent*, 125 Mass. 95.

*Henderson & Shields* for respondents.

The motion to compel plaintiff to elect should have been sustained. There was but one prosecution, beginning in the court of criminal correction, and ending in the final discharge on second indictment. All the proceedings were successive steps in the same matter. *Cole v. Curtis*, 16 Mich. 182, 196; *Thomason v. DeMott*, 18 How. Pr. 529; *Pratt v. Page*, 18 Wis. 338, 344; *Moore v. Sauborin*, 42 Mo. 490, 494.

The plaintiff's eighth instruction should not have been given. It practically tells the jury that if defendants told

counsel all the facts and circumstances which they knew or by reasonable diligence could have found out, yet his advice on this truthful statement was no defense, because defendants were hostile to plaintiff in making such consultation. This is not the law. Malice alone is not sufficient to sustain the action. 2 Addison on Torts, 742, 743 ; *Casperson v. Sproule*, 39 Mo. 39 ; *Callahan v. Caffarata*, 39 Mo. 136 ; *Mitchinson v. Cross*, 58 Ill. 366 ; *Besson v. Southard*, 10 N. Y. 236. If the prosecutor states to counsel all the facts within his knowledge or that might have been known by reasonable diligence, and the counsel advises him that the offender is liable to a criminal prosecution, and he acts on the advise of counsel, then this is an absolute defense. *Anderson v. Friend*, 85 Ill. 135 ; 77 Ill. 164 ; *Eastman v. Keasor*, 44 N. H. 518 ; *Collins v. Hayte*, 50 Ill. 337 ; *Ames v. Rathbun*, 55 Barb. 194 ; *Ross v. Innis*, 35 Ill. 487 ; *Cooper v. Utterbach*, 37 Md. 282 ; *Sappington v. Watson*, 50 Mo. 83 ; *Stevens v. Fassett*, 27 Me. 266. His motive is immaterial. *Flickinger v. Wagner*, 46 Md. 603. If he make full statement of his case to his counsel, and receive his advice thereon, and act under and in pursuance of his advice, he may still not act in " good faith " in the prosecution, for after receiving the advice, he may become informed of facts which satisfy him that the accused is not guilty. Good faith in acting under the advice of counsel, is essential to the defense. *Cole v. Curtis*, 16 Minn. 182. This instruction does not present this idea at all. It says, " that such counsel was not consulted by them in good faith." It matters not whether they consulted them in good faith, if they told them truly the facts, and followed the advice in good faith. If they had consulted a weak man or an ignorant man, simply as a cloak for their malice, (*Hewlett v. Cruchley*, 5 Taunton 283,) or if they had disregarded the advice of counsel, or received different advice from other counsel, (*Stevens v. Fassett*, 27 Me. 266,) or in any way shown that advice of counsel was not acted upon in good faith, or was not obtained by statements of the whole truth within their

knowledge or reasonable search, an instruction embodying that idea might have been given, but the instruction at bar was defective. 1 Hilliard on Torts, 460; *Hall v. Suydam*, 6 Barb. 83; *Wicker v. Hotchkiss*, 62 Ill. 107; *Stone v. Swift*, 4 Pick. 393; *Hill v. Palm*, 38 Mo. 13; *Alexander v. Harrison*, 38 Mo. 265; *Angelo v. Faul*, 85 Ill. 106.

Defendant's thirteenth, fifteenth, sixteenth and seventeenth instructions should have been given. Both the examining magistrate and the grand jury pass on the question of probable cause. The discharge by the magistrate is no bar to an indictment. The law requires all proceedings in examining courts to be certified to the criminal courts, for no other purpose than a re-examination by the grand jury. Wag. Stat., p. 1078, §§ 25, 33, 34. The examination by the grand jury is certainly of a higher character than that of the examining magistrate. The members are usually selected on account of their judgment, discretion and high standing in the community, and the law requires a concurrence of twelve of the members to find a true bill. In this case two grand juries, at two different terms of court, found two indictments for the same offense. Some credence ought to be given to their finding. There is not one particle of evidence in this record as to the testimony given before these grand juries, so that the question of procuring the indictment by false and fraudulent testimony by defendants, is eliminated from the case. The finding of an indictment is *prima facie* evidence of probable cause— even though the person afterwards be acquitted. It really is conclusive, in the absence of proof that the indictment was obtained by falsehood or undue and illegal means. 1 Am. Lead. Cas. 270; *Garrard v. Willet*, 4 J. J. Marsh 628; *Brown v. Griffin*, 1 Cheves, 32; *Graham v. Noble*, 13 S. & R. 233, 235; *Tompson v. Mussey*, 3 Me. 305, 309, 312; *Frowman v. Smith*, Littell's Sel. Cas. 7; *Collard v. Gay*, 1 Texas 494; *Savel v. Roberts*, 1 Salk. 13, 15; *Purcell v. McNamara*, 1 Camp. 199 and notes; *Israel v. Brooks*, 23 Ill. 578; *Thorpe v. Balliett*, 25 Ill. 341. It must be remembered

that the defendants had nothing to do with the discharge on the indictments. This was the action of the law-officers of the State. The acquittal has no tendency to show want of probable cause. *Bell v. Pearcy*, 11 Ired. 233 ; *Griffin v. Chubb*, 7 Texas 603.

The fourteenth instruction refused for defendant should have been given. It in effect declared that the second indictment was a legal continuation of the first. *Bacon v. Towne*, 4 Cush. 217, 236; *Bacon v. Waters*, 2 Allen 400 ; 1 Hilliard on Torts, 478.

HOUGH J.—This was an action for malicious prosecution, and is the same case reported in 59 Mo., 557, where the facts are fully stated, and it will be unnecessary to restate them in this opinion. It will be proper to observe, however, that in the trial which took place after the case was remanded by this court, the plaintiff recovered judgment for $1,500 on the first count, $3,000 on the second count and $3,000 on the third count; whereas, in the first trial, the plaintiff recovered judgment for $6,334.42 on the first count, and judgment was rendered for the defendants on the second and third counts. The first count was founded upon plaintiff's discharge by the committing magistrate, and the second and third counts were founded upon proceedings had upon two indictments found in the criminal court.

It is essential to a recovery in an action for malicious prosecution, that the prosecution should be ended, and
1. MALICIOUS PROS- that it should have been instituted malicious-
ECUTION : proba-
ble cause: malice ly and without probable cause.

When this case was here before, this court said : "If there be reasonable or probable cause, no malice, however distinctly proved, will make the defendant liable. The proof of malice does not establish the want of probable cause, nor does the want of probable cause necessarily establish the existence of malice. That is to say, malice is not an inference of law from the want of probable cause.

Malice, however, need not be proved by direct and positive testimony, but may be inferred from the facts which go to establish the want of probable cause; and this is all that is meant when it is said that malice may be inferred from the want of probable cause." 59 Mo., *loc. cit.* 575-6.

In the case of *VanSickle v. Brown,* probable cause was defined as follows: "In our opinion, that reasonable and probable cause which will relieve a prosecutor from liability is, a belief by him in the guilt of the accused, based upon circumstances sufficiently strong to induce such belief in the mind of a reasonable and cautious man." 68 Mo., *loc. cit.* 635.

It may be further observed that the action of a grand jury in finding a bill of indictment, or the commitment of the prisoner by the examining magistrate is *prima facie* evidence of probable cause. *Sharpe v. Johnston,* 59 Mo. 557; *VanSickle v. Brown,* 68 Mo. 627; *State v. Railey,* 35 Mo. 168; *Brant v. Higgins,* 10 Mo. 728; *Graham v. Noble,* 13 Serg. & R. 233; *Bacon v. Towne,* 4 Cush. 217. On the other hand, the refusal of the committing magistrate to bind the defendant over, has been said by this court to be very persuasive evidence that the prosecution was without probable cause. *Sharpe v. Johnston,* 59 Mo. 557; *Casperson v. Sproule,* 39 Mo. 39; *Brant v. Higgins,* 10 Mo. 728.

2 ——: the finding of an indictment: refusal of magistrate to commit.

When an indictment has been found by the grand jury or the defendant has been committed by the examining magistrate, this *prima facie* evidence of probable cause may be rebutted or overthrown by evidence showing that such indictment, or commitment, was obtained by false or fraudulent testimony, or other improper means, or by evidence showing that the prosecutor, notwithstanding the action of the grand jury, or the committing magistrate, did not himself believe the defendant to be guilty. When the examining magistrate refuses to commit, and it is thus determined that there is no probable cause for the prosecution, any inference of malice which may be

drawn from such fact, will be overcome by showing that the prosecutor, after having fully informed himself as to all ascertainable facts bearing upon the guilt or innocence of the plaintiff, and having fully and fairly communicated the same to reputable counsel, instituted the prosecution under the opinion of such counsel that the plaintiff was legally subject to a criminal charge, and himself believed such advice to be correct and that the plaintiff was guilty. This is what is meant by consulting counsel, and instituting a prosecution in good faith.

Before proceeding to examine, in the light of these general principles the instructions given and refused by 3. ——: ——: the trial court, the verdict in the case, as now ——: appear- ance before grand presented, renders it necessary for us to determine whether there could in any event be a recovery on each count of the petition, it being conceded that the two indictments were for the same offense charged before the committing magistrate.

In the case of *Bacon v. Towne*, 4 Cush. 217, it appeared that the plaintiff was bound over by the committing magistrate, and was subsequently indicted by the grand jury, but in consequence of a defect in the indictment the public prosecutor entered a *nolle prosequi* thereon, and forthwith another indictment was laid before the grand jury and was found upon the evidence already given; upon which last indictment the plaintiff was tried and acquitted, and he thereupon instituted an action for malicious prosecution. Shaw, C. J., delivered the opinion of the court, holding that there was a single continuous prosecution, which was not ended until the plaintiff was acquitted on the second indictment.

The case at bar is distinguishable from that case in this : In the case at bar, the first prosecution was ended when the plaintiff was discharged by the examining magistrate. When the prisoner is discharged by the examining magistrate, the law does not require that the examination taken by him shall be certified and delivered to the

clerk of the court having cognizance of the offense charged, to be laid before the grand jury.   It is only when the prisoner is bound over that this is required to be done.   Wag. Stat., chap. 111, art. 2, §§ 25, 27, 33.   So that if the prosecutor should, after the discharge of the prisoner, voluntarily ap pear, or cause himself to be summoned, before the grand jury and procure the prisoner to be indicted for the same offense charged before the magistrate, this would be the institution of a second and independent prosecution, for which he could be held liable if he acted maliciously and without probable cause.   But if, in such case, the prosecutor should not voluntarily appear, but should be summoned before the grand jury, without his own procurement, he would not be liable to an action, unless the testimony given by him, on which the plaintiff was indicted and arrested was false or fraudulent.

And we are further of opinion, that when two indictments are found by the grand jury for the same offense,

4. ———: two in- and the second indictment is preferred solely
dictments, when
they may and on account of some formal defect in the first'
when may not
constitute sepa- and the first is thereby suspended and is
rate cause of ac-
tion.         quashed, no action for malicious prosecution can be based upon the order of the court discharging the prisoner from the first indictment.   Even if the first indictment had been quashed before the second indictment was found, and the criminal court had committed or recognized the plaintiff to answer a new indictment, as it might have (§ 1986, Rev. Stat.), such second indictment could not be regarded as the institution of a new prosecution, but as a continuation of the proceedings under the first indictment.   Under this view of the law, instruction numbered 14, asked by the defendant and refused by the court, should have been given.

For reasons heretofore given, instructions 13, 15, 16 and 17 asked by defendants were properly refused inasmuch as they directed a finding for the defendants on all the counts, if the offense charged in the indictments was

the same offense charged before the committing magistrate.

The third instruction asked by the defendants, was as follows:

"3. If the jury believe there was reasonable cause for the prosecution, no malice, however distinctly proved, 5. ———: facts constituting malice, a question of law. will make defendants liable in this action, and the proof of want of probable cause does not necessarily establish the existence of malice; that is to say, malice is not an inference of law from the want of probable cause, *and the jury cannot infer malice unless the facts attending the conduct and determination of the prosecution, and those adduced to establish the want of probable cause, are of a character to warrant such inference.*" This instruction is in the language of the opinion delivered by this court, when the case was first here. It was given by the court with the exception of that portion in italics, and that was properly omitted, as the context of the opinion from which it was taken shows that it was intended by this court as a direction to trial courts in giving instructions in regard to the inference of malice from the want of probable cause. It should not be embodied in an instruction for the reason that it involves a question of law. Whether the facts are such as to warrant an inference of malice, is a question of law for the court.

We see no material error in the instructions given by the court, so far as the first count is concerned.

Under the view we take of the case, additional instructions should have been asked applicable to the count and upon the prosecutions under the indictment.

Instruction numbered eight given for the plaintiff, has been sharply criticised by defendants' counsel, and has 6 ———: advice of counsel: good faith. been declared to be erroneous by the court of appeals. We have the same opinion, however, in regard to this instruction, now, which we had when this case was first here, and treating it as applicable alone to the first count, as it was treated on the record then before us, we think it correct. This instruction is, in effect,

43—76

the converse of instruction five, given for the defendants, and we may remark here, that instruction five is inaccurate, in using in the last line the words, "then there was probable cause," in lieu of the words, "then such prosecution was not malicious." The advice of counsel cannot accurately be said to amount to probable cause, in the face of the judgment of the magistrate discharging the prisoner. The discharge of the plaintiff by the committing magistrate was *prima facie* evidence of a want of probable cause, although counsel may have advised that plaintiff was liable to a criminal charge; and although defendant may have communicated to counsel learned in the law, all the facts and circumstances bearing upon the guilt or innocence of the plaintiff, which they knew, or by reasonable diligence could have ascertained, yet if, notwithstanding the advice of counsel, they believed that the prosecution must fail and they were actuated in commencing said prosecution not simply by angry passions or hostile feelings, but by a desire to injure and wrong the plaintiff, then most certainly they could not be said to have consulted counsel in good faith, and the jury would have been warranted in finding that the prosecution was malicious. This is what we think the eighth instruction means.

When the case is re-tried, the instruction given for plaintiff defining probable cause, might be made more explicit by adopting the definition given by this court, and the language employed, in the fifth instruction given for the plaintiff, to express malice on the part of defendant, might also be made a little more perspicuous.

The judgment of the court of appeals reversing the judgment of the circuit court and remanding the cause, will be affirmed. All concur, except Judge RAY, absent.

## On Rehearing.

PER CURIAM.—The opinion of this court filed on the 6th day of February, 1882, being founded upon the refusal

7. PRACTICE IN SU-
PREME COURT: re-
mittitur. of the circuit court to give the fourteenth instruction asked by the defendant, which relates to the second count; and the plaintiff having offered, pending his motion for a rehearing to remit the damages recovered on that count, we think it in the interest of justice that he should be permitted to do so. *Interest reipublicae ut sit finis litium.* The motion for a rehearing will, therefore, be sustained, and a *remittitur* entered for the damages recovered on the second count, and the judgment will then be affirmed. We have added a few words to the original opinion in order to make it more explicit.