MOODY *et al.*, *Plaintiffs in Error*, v. DEUTSCH *et al.*

1. **Pleading:** MALICIOUS ATTACHMENT. A petition in an action for suing out a malicious attachment must allege the want of probable cause for the attachment.

2. **Question for Jury.** Where there is any evidence tending to prove the allegations of the petition, the case should not be taken from the jury.

3. **Malicious Prosecution, Action for:** MALICE. Malice is a necessary element in an action for malicious prosecution, and the sufficiency of the proof of such malice is a question for the jury.

4. —— : —— : PROBABLE CAUSE. What is probable cause for an attachment is a mixed question of law and fact. When the facts are undisputed, the court should declare their legal effect, but when they are disputed, the question is, under proper instructions, for the jury.

5. **Pleading:** WAIVER. A plea in abatement is waived by one to the merits.

6. The judgment of the trial court in this case held sufficiently formal.

*Error to Johnson Circuit Court.*—HON. N. M. GIVAN, Judge.

REVERSED.

*S. P. Sparks* for plaintiffs in error.

(1) The court erred in instructing the jury that upon the evidence plaintiffs could not recover. It is held to be error so to instruct where there is a *scintilla* of testimony. There was testimony tending to establish a want of probable cause, as well as a bad and malicious motive, in suing out and prosecuting the attachment. *Alexander v. Harrison,* 38 Mo. 266 ; *Routsong v. R. R.,* 45 Mo. 236 ; *Hays v. Bell,* 16 Mo. 496 ; *Emerson v. Sturgeon,* 18 Mo. 170 ; *Rippey v. Freide,* 26 Mo. 523 ; *Bowen v. Lazerle,* 44 Mo. 383 ; *McFarland v. Bellows,*

49 Mo. 311. The evidence tended strongly to show that Deutsch's motive in suing out the attachment was to destroy plaintiffs' business, and for this an action would lie. Drake on Attachment, sec. 733. The testimony was uncontradicted that plaintiffs only owed defendant, Deutsch, one hundred and forty-eight or one hundred and fifty dollars, and that the amount had been tendered to his attorney the evening before the attachment. The attachment was for the sum of three hundred and eighteen dollars, and goods to the value of seven hundred dollars were seized. In such cases an action will lie in favor of the injured party. *Alexander v. Harrison*, 38 Mo. 258 ; Cooley on Torts, 189 ; *Sommer v. Hith*, 4 S. & R. 19 ; *Churchill v. Siggers*, 3 El. & Bl. 929 ; *Holliday v. Sterling*, 62 Mo. 321 ; Drake on Attach., sec. 733 (Ed. 1878). An abuse of the process of law is evidence of *malice* and *want of probable cause*. *Prough v. Entriken*, 11 Pa. St. 81 ; *Page v. Cushing*, 38 Me. 523 ; *Gallaway v. Burr*, 32 Mich. 335 ; *Seeber v. Price*, 26 Mich. 518. (2) In suit for malicious attachment, malice need not be expressly proved, but may be inferred from want of probable cause, and notwithstanding proof of probable cause, if, from bad or malicious motives, oppressive and vexatious litigation is carried on, the action for damages will lie. *Walser v. Thies*, 56 Mo. 89 ; *Sharpe v. Johnson*, 76 Mo. 660. (3) Although the affidavit for the attachment was made by defendant's attorney, his appeal from the action of the court, quashing the writ to the Supreme Court, was evidence of his assent to the act. *Perrin v. Claflin*, 11 Mo. 13 ; *Canifax v. Chapman*, 7 Mo. 175 ; *Page v. Freeman*, 19 Mo. 421. The defendant, Loebenstein, by signing the attachment bond, became equally liable with defendant, Deutsch. *Wetzel v. Walters*, 18 Mo. 396. (4) In actions for malicious attachment, the injury to plaintiff's business, and counsel fees, are proper elements of damage. Drake on Attachments, sec. 745 ; 2 Greenleaf on Evidence, sec.

456; *Walser v. Thies, supra;* 3 Sutherland on Damages, 705.

*O. L. Houts* and *S. T. White* for defendants in error.

(1) The petition does not state that there was no probable cause for issuing the attachment, and hence set out no cause of action. Want of probable cause is the gist of the action. 2 Addison on Torts (Wood's Ed.) sec. 859, *et seq.* (2) There was no lawful jurisdiction over Deutsch, since there was no proof that Loebenstein was connected with Deutsch, or his attorneys, in issuing the attachment, further than becoming bondsman, and Deutsch was served with process beyond the jurisdiction of the court. *Fithian v. Monk,* 43 Mo. 502; *Latimer v. Ry.,* 11 Mo. 105; *Capital Bk. v. Knox,* 47 Mo. 333; *Brandenburger v. Easley,* 78 Mo. 659; *Graham v. Ringo,* 67 Mo. 324. (3) There was no evidence tending to show that there was either malice or want of probable cause in issuing the attachment. The evidence shows that Deutsch had nothing to do with it, and entrusted the whole matter to the discretion of his attorney, who made the affidavit for him, and caused the writ to issue. The fraudulent mortgage on the stock of goods admitted by plaintiff, clearly came within the statute providing for attachments. R. S. 1879, sec. 398, subdivision 7. It was simply a question of law whether an attachment would issue against a married woman's separate estate. This court had not passed upon this question, but the court of appeals had decided in its favor. *Frank v. Siegel,* 9 Mo. App. 467. While the trial court decided against the court of appeals, that authority gave the attorney a reasonable belief that it would sustain the attachment. (4) Advice of counsel protects Deutsch against liability. In this case the attorney made whole investigation and acted upon his own judgment. *Alexander v. Harrison,* 38 Mo. 258, and authorities cited. Also plaintiff's

authorities. (5) There is no judgment in the lower court which is the subject of review in this court. *Boggess v. Cox*, 48 Mo. 278. In case cited, the form of judgment is almost in the exact words as the one at bar, and this court held that it was not a final judgment, and review of it could not be had in this court.

EWING, C.—This is a suit for damages against the defendants for malicious attachment of the property of the plaintiff, Nancy I. Moody. The petition alleges that the defendant, Deutsch, unlawfully and maliciously caused a writ of attachment to be issued and levied upon said Nancy Moody's property, which, upon appeal to this court, was dismissed; that by reason of the attachment plaintiff is damaged, etc.

The answer of Loebenstein was a general denial. That of Deutsch was as follows: "Now comes the defendant, Louis Deutsch, and for plea to the jurisdiction and to the merits, by way of answer, states that this court has no jurisdiction over his person in this action, and this action should abate, because the facts are that plaintiffs are residents of Johnson county, Missouri, and that this defendant is a resident of Pettis county, Missouri, and that the writ was served in this case upon him, summoning him into this court, in this cause, in the county of Pettis, state of Missouri. Defendant further alleges that his co-defendant, B. Loebenstein, was joined with him in this action, fraudulently and wrongfully, and for the sole purpose of annoying this defendant by obtaining service upon the said Loebenstein, in Johnson county, Missouri, and thus giving a show and appearance of jurisdiction to this court, whereas, in truth and in fact, these plaintiffs have no cause of action against said B. Loebenstein, jointly, with this defendant, or any cause why they should be jointly charged. Defendant says this action should abate as to him. Because of these facts, said defendant further answering, denies each and every allegation set out in plaintiffs' petition."

Moody v. Deutsch.

The evidence was, in substance, that Mrs. Moody was in the liquor and grocery business in Warrensburg; that in September, 1880, the sheriff attached her stock of goods on a writ issued in the case of Deutsch against her; that the value of the goods served was one thousand dollars; that the debt sued for was three hundred and eighteen dollars; that Mrs. Moody's son, who was acting as her agent, told Deutsch's attorney, before the goods were seized, that his mother only owed one hundred and forty-eight or one hundred and fifty dollars, and offered to pay that; that he told the sheriff not to move the liquors until he could put the barrels in proper condition; that the bung holes were open and the liquor leaking; that the sheriff would not heed him, but threatened to arrest him; that her credit was good before the attachment, but it was not afterwards, and that it broke her up and she quit the business; that she got back a part of the goods the next summer in a wasted and damaged condition, after Mr. Deutsch had dismissed his attachment suit. There was also evidence showing the commencement and proceedings in the attachment suit, which was appealed to this court, and on motion here dismissed.

Upon the close of the evidence, the court below, at the instance of the defendant, gave the following instruction:

"The court instructs the jury that there is no evidence upon which plaintiffs can recover in this action."

The plaintiff then took a non-suit with leave to move to set it aside, which motion, being overruled, the case comes here on a writ of error.

I. The defendant insists that the petition is defective and does not state a cause of action, because it does not allege there was no probable cause for suing out the attachment. An action may be maintained for the malicious institution of a civil suit by attachment if the suit is commenced maliciously, and without probable cause, and shall terminate before the commencement of

the action for damages. *Sharpe v. Johnston*, 76 Mo. 660; Cooley on Torts, 187, and authorities cited in note 5; Drake on Attachments, sec. 726. It is held everywhere to be necessary to aver want of reasonable or probable cause. *Dimmack v. Bowley*, 26 L. J. (C. P. N. S.) 231; Cooley on Torts, 180, 181; 2 Chitty. Pl. 550. "The absence of reasonable or probable cause must be alleged." In *Given v. Webb*, 30 N. Y. (7 Rob.) 65, the action was for malicious prosecution; a demurrer to the complaint "in that it omits to aver that the prosecutions were without probable cause." The court say: "I understand the law to be well settled that, in order to maintain an action for malicious prosecution, the plaintiff must, in addition to other matters, establish a want of probable cause (5 Duer, 304), and it is equally well settled that every fact which the plaintiff must prove, to enable him to maintain his action, and which the defendant has a right to controvert in his answer, must be distinctly averred or stated in the complaint. It follows from these principles that the averment of want of probable cause is a necessary allegation to be contained in a complaint for malicious prosecution." In that case the petition contained this averment: "Maliciously intending to injure the plaintiff, caused to be made a false and malicious affidavit;" and it was insisted that that included an averment of want of probable cause. But it was held that, "although malice be well and sufficiently proven, yet that does not establish want of probable cause." 2 Denio, 617; 3 Wash. C. C. 32.

The allegations in the petition in the case under consideration were to this effect: "Did wilfully, unlawfully and maliciously cause a writ of attachment to issue, * * * and that said defendant had no right or cause to sue out said writ, * * * or cause the levy or seizure of said goods, * * * but that the issuance and levy of said writ * * * was procured and caused with the wrongful and malicious purpose and intent on the part of said defendants to * * * injure and

damage plaintiffs." In *Dennehey v. Woodsum*, 100 Mass. 195, it is said: "Absence of probable cause for the criminal charge is essential for the maintenance of an action for malicious prosecution. It must be made distinctly to appear by the averments of the declaration." This same doctrine is maintained in many of the states. Drake on Attachments, sec. 732. In the light of these authorities, we hold the petition in this case defective.

II. The doctrine is too well settled in this state for argument, that if there is any evidence tending to prove the allegations of the petition, it is error to take the case from the jury. *Alexander v. Harrison*, 38 Mo. 266; *Routsong v. P. Ry.*, 45 Mo. 236; *Hays v. Bell*, 16 Mo. 496; *Emerson v. Sturgeon*, 18 Mo. 170; *McFarland v. Bellows*, 49 Mo. 311; *Smith v. Hutchinson*, 83 Mo. 683.

III. Taking all the evidence in the case, we are of opinion the questions ought to have been submitted to the jury. It is said that suing out an attachment for an amount greatly in excess of the debt is, at least, a circumstance tending to show a cause for which an action will lie. Cooley on Torts, 189; *Savage v. Brewer*, 16 Pick. 453. Malice is one of the necessary elements to make out a case for malicious prosecution, and what proof is sufficient to establish malice is a question for the jury. *Holliday v. Sterling*, 62 Mo. 321. "What is probable cause is a mixed question of law and fact. When the facts are undisputed, the court should declare their legal effect; but when disputed, the question is, under proper instructions, for the jury." 59 Mo. 557; *Sharpe v. Johnston*, 76 Mo. 660.

IV. It is insisted by the defendants in error that there was no lawful jurisdiction over Deutsch, since there was no proof that Loebenstein was connected with Deutsch, or his attorneys, further than becoming bondsman, and Deutsch was served with process beyond the jurisdiction of the court. It appears that the defendant, Loebenstein, was the surety of Deutsch in his attachment bond; that he resided in Johnson county when

this suit was commenced, and process served on him, and then sent to Pettis county, where Deutsch resided, and served on him there. Deutsch answered, as it will be seen, and pleaded abatement as to himself, and also to the merits, by denying "each and every allegation set out in plaintiffs' petition." In *Fordyce v. Hathorn*, 57 Mo. 120, it is said: "Where matters in abatement and bar are contained in the same answer, the matter in abatement is waived by the defences in bar."

In *Ripstein v. St. Louis Mutual Life Insurance Company*, 57 Mo. 86, it is said: "An appearance to the merits and the setting up of a defence in bar to the action waives a plea to the jurisdiction."

V. It is insisted by defendant that there is no judgment in the lower court which is the subject of review in this. The judgment below is in the following form: "It is, therefore, ordered and adjudged by the court that this cause be dismissed, and that defendants recover of plaintiff, W. B. Moody, all costs accrued herein, and have thereof execution. And the jury are, by order of the court, discharged." In *Boggess v. Cox*, 48 Mo. 278, the judgment was as follows: "Wherefore, the court gave judgment against him for costs." This case and the one at bar were where the plaintiff took a non-suit with leave to move to set it aside, and when the motion to set aside was overruled, the court rendered the judgments as set out. In *Boggess v. Cox, supra*, Wagner, Judge, said: "When a non-suit is taken, in order to justify an appeal or writ of error, the judgment should be formally set out; that it is by the court, therefore, considered and adjudged that the plaintiff take nothing by his writ, and that the defendant go thereof without day and recover of the plaintiff his costs," etc. In *Rogers v. Gossnell*, 51 Mo. 466, this was held to be a good judgment, "that defendant go hence, and that he recover his costs." A judgment will be held sufficient when it appears to have been intended by some competent tribunal as the determination of the rights of the parties to an action, and

shows, in intelligible language, the relief granted. Freeman on Judgments, sec. 47. In section 50, of the same work, it is said: "Whatever appears upon its face to be intended as the entry of a judgment will be regarded as sufficiently formal, if it show: (1) The relief granted. (2) That the grant was made by the court, in whose records the entry is written." It must also, of course, show the parties of and for whom it is given. *Maxwell v. Stewart*, 22 Wall. 79. At all events, we hold the judgment in this case to be sufficiently formal. Fully up to the requirements, though not in the exact form as that required in 48 Mo., *supra.*

The judgment of the court below is reversed and the cause remanded. All concur.