AUGUST BIERWITH, Respondent, v. HARLAN P.
PIERONNET, Appellant.

St. Louis Court of Appeals, March 10, 1896.

1. **Malicious Arrest, Action For.** The action for malicious arrest
was authorized at common law, when a person was maliciously and
without probable cause taken into custody for debt, or when there
was a malicious holding of a party to bail. As imprisonment for debt
has been abolished in this state, the action is practically obsolete.

2. **False Imprisonment:** RIGHT OF ACTION FOR LAWFUL ARREST.
An action of false imprisonment can not be maintained for an arrest
which is lawful, no matter at whose instigation the arrest was made
or from what motive.

3. **City of Third Class:** POWER OF CITY MARSHALL TO MAKE ARRESTS.
The marshal of a city of the third class is authorized to make an
arrest without process for an offense against the laws of the city com-
mitted in his presence. Accordingly, an action of false imprisonment
will not lie against the mayor of a city of the third class for directing
the marshal to make the arrest.

4. ———: REMOVAL OF OBSTRUCTION IN PUBLIC STREET. An owner of
property, who has deposited and keeps it upon a public street, is not
justified in resisting the efforts of the city authorities to remove it,
though they intend to make an illegal use of it after its removal.

*Appeal from the Cape Girardeau Circuit Court.*—HON.
HENRY C. RILEY, Judge.

REVERSED.

*J. W. Limbaugh* for appellant.

*R. H. Whitelaw* and *W. H. Miller* for respondent.

BIGGS, J.—This is an action for false imprison-
ment. The defendant is the mayor of the city of Cape
Girardeau, a city of the third class. The charge in the
petition is that the plaintiff was unlawfully arrested by

the police officers of the city at the instigation of the defendant. In justification of the arrest the answer alleges that, at the time of the arrest, the plaintiff was disturbing the public peace, and he was also resisting the officers of the city in the discharge of their official duties, all of which was averred to be in violation of the ordinances of the city, which were set forth. The plaintiff recovered judgment for $200, from which defendant has appealed.

We are of the opinion that under the evidence the judgment ought to have been for the defendant; hence, other questions presented in the briefs need not be discussed.

The facts out of which the litigation has arisen are these: The plaintiff is the owner of a lot on one of the business streets of the city of Cape Girardeau. He determined to build a new sidewalk, and to put in new curbing in front of his premises. He removed the old curbstones, and placed them on the street some eight or ten feet from the line of the curb. Acting under the orders of the municipal authorities, the street commissioner attempted to remove the stones with the ultimate intention of using them in the construction of another street. The plaintiff refused to let him remove them, and drove him away. The marshal of the city also undertook to haul them away, and he in turn was driven off. In the afternoon of the same day the marshal, acting under the orders of the defendant as mayor of the city, summoned the entire police force of the city for the purpose of removing the stones. When the police officers reached the place, the plaintiff was standing on the stones, and he refused to get off, and did not get off until he was placed under arrest and removed by the marshal. The defendant was present, and ordered the arrest to be made. The stones were then loaded into drays, when the defendant ordered the

marshal to release the plaintiff. He was under arrest probably three minutes. The plaintiff admitted that prior to his arrest he resisted the officers in their attempts to remove the stones, and that he talked in a loud and angry tone and that he used profane language. He also said that a crowd of probably two hundred people had gathered at the place. He said: "I was standing on the rock. They (the police officers) went to take the rock and I shoved them away, and told them not to take them that it was my property. * * * I was making a good deal of noise for a little while. It was not very long, for they had me directly. * * * I was swearing a little * * * and talking in a loud and angry .tone." Other witnesses introduced by the plaintiff testified, in substance, that when the officers came up, the plaintiff notified them that he would resist them if they attempted to remove the stones. The evidence introduced by the defendant in nowise helped the plaintiff's case, but on the contrary it tended to show that the conduct of the plaintiff was much more reprehensible than he admitted.

If the arrest of the plaintiff was lawful, an action for false arrest will not lie, and it can make no difference at whose instigation it was made or what the motive was. This must be so in reason, for there can be no trespass where the arrest is by warrant of law. *Burns v. Erben*, 1 Robt. 555; *O'Conner v. Bucklin*, 59 N. H. 589; *Davis v. Burgess*, 54 Mich. 514; *Taaffe v. Slevin*, 11 Mo. App. 507; *Lark v. Bande*, 4 Mo. App. 186; Waterman on Trespass, section 367, note.

An ordinance of the city makes it a misdemeanor for any person to disturb the peace by loud or unusual noise or by profane language which is calculated to provoke a breach of the peace, or by threatening, challenging, assaulting, striking, or fighting another.

VOL. 65 app—28

There is another ordinance that makes it a misdemeanor for any person to hinder, obstruct, or intimidate, or in any manner interfere with, any city officer while engaged in the discharge of an official duty. Power is conferred upon the marshal of the cities of the third class to make arrests *without process* in all cases in which the offense against the laws of the city shall be committed *in his presence.* Sess. Acts, 1893, sec. 34, p. 72. As it is undisputed that the marshal was present and in charge of the police force, and as the plaintiff admits that he resisted the officers in the discharge of their official duty, and as he admits that he talked in a loud and angry tone and used profane language, the conclusion is irresistible that he violated at least one, if not both, of the ordinances mentioned. This being true, his arrest was lawful, and the court should have directed a verdict for the defendant. As before stated, it makes no difference that the defendant ordered the marshal to make the arrest, as the latter in doing so only did his duty. *Taaffe v. Slevin,* *supra.* Neither did it make any difference that the stones belonged to the plaintiff. He had placed them on the public street, and it became the duty of the city authorities to remove them, and even though it was the ultimate design to deprive the plaintiff of his property altogether, he should have submitted peaceably and sought redress against the city by civil action.

The contention that the action is for malicious arrest is not well founded. That action is only authorized where the plaintiff has been maliciously and without probable cause taken into custody for debt, or where there has been a malicious holding of a party to bail. *Ahern v. Collins,* 39 Mo. 145. As imprisonment for debt has been abolished in this state, the action may be considered practically obsolete.

With the concurrence of the other judges the judgment of the circuit court will be reversed. It is so ordered. All concur.