LEONARD, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, November 14, 1905.**

1. **FALSE IMPRISONMENT: Ejection From Car: Probable Cause.** A passenger who is guilty of disturbing the peace upon a street car and is arrested and taken from the car by an officer at the instance of the conductor on that charge, cannot maintain an action against the street car company for unlawful ejection or for false imprisonment, and the fact that he has paid his fare makes no difference.

2. ——: ——: ——: **Splitting Causes of Action.** Where a passenger was arrested while on a street car, at the instance of the conductor, imprisoned and prosecuted for disturbing the peace, in an action by him against the street car company for damages in three counts, one for unlawful ejection from the car, a second for false imprisonment, and a third for malicious prosecution, his cause of action, if any, arose from one transaction and he could not maintain it on either count without showing his aquittal of the criminal charge or it's dismissal.

Appeal from St. Louis City Circuit Court.—*Hon. Matthew. G. Reynolds,* Judge.

REVERSED AND REMANDED.

*Glendy B. Arnold* for appellant; *Boyle & Priest* and *George W. Easley* of counsel.

Respondent's arrest and imprisonment were lawful, and it can make no difference at whose instigation they were made, or what the motive was. Sec. 2159, R. S. 1899; sec. 1459, chap. 18, article 2, of the Municipal Code of the city of St. Louis; Taaffe v. Slevin, 11 Mo. App. 507; Bierwith v. Pieronnet, 65 Mo. App. 431.

*Wadlow & Gladney* and *John B. Dempsey* for respondent.

Respondent's arrest and imprisonment were unlawful and without a shadow of probable cause; the real

ground of the arrest and imprisonment was the non-payment of fare. Appellant cannot justify itself by setting up the mere formal ground of disturbing the peace. Hill v. Palm, 38 Mo. 13; Eagleton v. Kabrick, 66 Mo. App. 231; Murphy v. Kron, 20 Abbott's New Cases (N. Y.) 259; Snead v. Bonnoil, 49 App. Div. (N. Y.) 330, s. c., affirmed 166 N. Y. 325.

BLAND, P. J.—The petition is in three counts: the first count is on the willful and unlawful ejection of plaintiff from one of defendant's street cars; the second is for false imprisonment at the instigation of defendant's street car conductor; the third is for the malicious prosecution of plaintiff, without probable cause, on a criminal charge preferred by defendant's conductor against the plaintiff.

The evidence shows that plaintiff took passage on one of defendant's street cars traveling east on Market street in the city of St. Louis, and paid his fare to the conductor. After the car had proceeded a short distance the conductor returned to plaintiff and demanded of him the payment of fare. Plaintiff informed the conductor that he had paid his fare. The conductor insisted that he had not, and a heated altercation arose between them during which the plaintiff indulged in some profanity and loud talking. The conductor called a police officer, who was sitting in the front end of the car, and told him that plaintiff refused to pay his fare and that he wanted him (the officer) to put the plaintiff off the car. The officer refused to put the plaintiff off because he would not pay his fare, but told the conductor if he would prefer a criminal charge against the plaintiff he would "lock him up." The conductor said he would prefer the charge, and the officer then arrested plaintiff, conducted him to a police station and locked him up. In a few hours plaintiff entered into a recognizance for his appearance before a police justice to answer the charge of having disturbed the peace of the

conductor, contrary to the provisions of a city ordinance, which charge had been preferred against him by the conductor.

A paper that purported to be a transcript of the proceedings in the case had in the police court was offered in evidence but for some reason was excluded by the court, whereupon plaintiff abandoned the third count of his petition and was permitted to proceed and recover upon the first and second counts. It seems to us that it was indispensable to plaintiff's right of action that he should have been acquitted of the criminal charge or that it should have been dismissed, for if he was guilty of disturbing the peace then his arrest on the car and his commitment to prison were lawful and right and do not afford him any right of action against the defendant, and the fact that he had paid his fare does not alter the case. [Bierwith v. Pieronnet, 65 Mo. App. 431.] To carve out of the transaction a cause of action for the expulsion from the car and another for the imprisonment, leaving out of view the criminal charge, seems to us to split one cause of action into fragments and then undertake to make one entirety out of each of the fragments. It is like playing Othello with the Moor left out; there is no tragedy, no finale. The evidence shows but one transaction and but one cause of action can be carved out of it, and plaintiff's right to maintain this one cause of action hinges on his discharge from the criminal accusation preferred against him, either by a trial and acquittal or the dismissal of the cause. [Sharpe v. Johnston, 76 Mo. 660.] The demand of payment of a second fare, the altercation in the car, the conduct of the conductor, plaintiff's arrest while on the car and his imprisonment by the officer are facts and circumstances proper to be shown in evidence in aggravation of the damages, if plaintiff has a cause of action, but they do not afford independent causes of action under the evidence. So far as the record before us shows, the criminal charge is yet pending against plain-

tiff.  But plaintiff contends that the arrest was not made on the criminal charge but for the reason he refused to pay a second fare.  The proof shows to the contrary.  It shows that the officer refused to make the arrest unless the conductor would prefer a criminal charge and that the conductor said he would make the charge and did make it.  We repeat, that plaintiff cannot maintain his action against the defendant unless he has been tried and acquitted of the criminal charge, or unless it has been dismissed.  It is indispensable to plaintiff's right of action that the criminal charge shall have terminated in his favor.

The judgment is reversed and the cause remanded. All concur.