PETER RENFRO, Respondent, v. GEORGE W. PRIOR, Appellant.

Kansas City Court of Appeals, May 24, 1886.

1. MALICIOUS PROSECUTION — PLEADING — AMENDMENT — CASE ADJUDGED.—Where, in an action for malicious prosecution, the petition contained *four* counts, and upon objection to any testimony under either count, for the reason that neither of them stated facts sufficient to constitute a cause of action, the court sustained the objection as to the *first* and *fourth* counts and overruled it as to the others, and evidence was introduced in support of the remaining counts, and at the close of the plaintiff's evidence the court, against defendant's objection and exception, permitted plaintiff to *amend* the *first* count (which had been excluded as not stating facts sufficient to constitute a cause of action), and there was a verdict for plaintiff on the *first* count alone, and for defendant on the other counts. *Held*, that the court erred in permitting the amendment at the close of the plaintiff's case ; that amendments may be made before final judgment, in furtherance of justice (sect. 3567, Rev. Stat.), but not under circumstances like those presented in this case. *Held, further*, that an amendment is properly allowed of a pleading upon which the parties go to trial ; but is not to be permitted of a pleading that has been *abandoned*, stricken out, or *ruled out* of consideration in the case.

2. —— PROBABLE CAUSE—INSTRUCTIONS.—An instruction requiring defendant, in an action for malicious prosecution against him, to prove that he had probable cause, *and* was not actuated by malice in having the plaintiff arrested, is faulty. It was not necessary to prove *both* the propositions. If defendant had *probable cause*, it makes no difference as to his *motives*, whether malicious or otherwise, and *this fact* would excuse defendant notwithstanding he may have entertained malice.

3. —— EVIDENCE OF FINANCIAL CONDITION.—In such an action as this the *financial* condition of defendant is a proper subject of

inquiry, for the purpose of enabling the jury to measure the pun-
ishment in the way of damages. But it is *not* competent to show
the *social* position or family relation of defendant for such purpose.

APPEAL from Gasconade Circuit Court, HON. A. J.
SEAY, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

I. W. BOULWARE, for the appellant.

I.   The *existence* of malice and *want* of probable
cause are both necessary to sustain an action for mali-
cious prosecution. A petition which does not allege
both states no cause of action.

II.   Defendant's objection to introduction of evi-
dence should have been sustained as to the *whole peti-
tion.* The failure to aver that the prosecutions were
without "probable cause," in the first and fourth
counts ; and the words "without any cause or provoca-
tion," in the second count, are not equivalent to "with-
out probable cause."

III.   The amendment of the *first* count, after all
evidence had been excluded under it, was improper and
illegal. There was no evidence in support of it; no
cause of action ; and it tendered no issue. The amend-
ment charged the merits and substantial issue, and was
in violation of all rules of practice and legal proceed-
ings ; besides it was *too late. Miles v. Vanhorn,* 17
Ind. 245 ; sects. 3566, 3567, Rev. Stat.; *Martin v.
Martin,* 27 Mo. 227 ; *Kerr v. Bell,* 44 Mo. 120 ; *Irwin v.
Chiles,* 28 Mo. 576.

IV.   The question as to defendant's social and family
relations was illegal and improper. This was no stand-
ard for measuring damages. The right to show the
*pecuniary* condition in a proper case *may not be* an
open question in this state, but *is this such a case ?*

*Marshal v. Ins. Co.,* 43 Mo. 586 ; *Rothschild v. Ins. Co.,* 62 Mo. 356.

V. There must be *actual* malice to authorize exemplary damages. Did not the court err in directing such damages? The evidence tended strongly to show probable cause. *Goodrich v. Warner,* 1 Am. Law Reg. (O. S.) 569. So the instruction was wrong as to failure to prosecute plaintiff before the magistrate. The discharge by the justice is not such evidence of want of probable cause, as will *alone* sustain this action. Nor does the law require defendant, even after a *prima facie* case is made against him, to prove both probable cause and want of malice. *Thorp v. Badlet,* 25 Ill. 339; *Stewart v. Sonneborne,* 98 U. S. 187.

VI. The refusal of instruction asked by defendant to the effect that "malice is not *necessarily* inferred from want of probable cause," was error sufficient for reversal. *Sharp v. Johnson,* 59 Mo. 557; *Burris v. Worth,* 64 Mo. 426 ; *Vansickle v. Brown,* 68 Mo. 627 ; *Sharpe v. Johnson,* 76 Mo. 660 ; *Smith v. Howard,* 28 Iowa 51 ; Cooley on Torts, 165. So of other instructions refused to defendant.

VII. The verdict was *against* the evidence, so far as to indicate bias and prejudice in the jury. *Marshall v. Ins. Co.,* 43 Mo. 586 ; *Rothschild v. Ins. Co.,* 62 Mo. 356; *Price v. Evans,* 49 Mo. 396; *Spohn v. Railroad,* Sup. Ct. Mo., October term, 1885, not yet published.

R. S. RYORS and S. MOSBY, also, for the appellant.

I. Even if the *first* count was amended by plaintiff *before* introducing his evidence, still the verdict cannot be sustained. The *evidence* was the same as to *each* count. Upon the *issues* thus presented and thus supported the jury found for defendant on second and third counts and for plaintiff on the *first count.* Such a verdict is not a *rational* verdict.

II. It is the province of appellate courts to reverse gross errors of trial jurors, even where the law has been

correctly declared. *Spohn v. Railroad*, Sup. Ct. Mo.,. October term, 1885.

W. S. Pope, for the respondent.

I. The amendment was unnecessary, as the petition stated that the charge was "*wholly* without cause," words of broader significance than *probable cause*. It was competent, in any event, to make the pleadings conform to the evidence. Sect. 3567, Rev. Stat.; *Carr v. Moss*, Sup. Ct. Mo., October term, 1885. Defendant. was in no wise injured or misled.

II. The evidence as to the social and financial standing of defendant was altogether proper. *Buckley v. Knapp*, 48 Mo. 152; *Holsey v. Brooks*, 20 Ill. 115; *Bump v. Betts*, 23 Wend. (N. Y.) 85.

III. The instructions for plaintiff were *all* well warranted. The *first* is in the exact language approved in *Hill v. Palm* (38 Mo. 13), and has never since been questioned. Field on Damages, sect. 689. The *second* is supported by the following authorities and might have been much stronger: Field on Damages, sect. 681; *Sappington v. Watson*, 50 Mo. 83; *Casperson v. Sproule*, 39 Mo. 39; *Brant v. Higgins*, 10 Mo. 728; *Callahan v. Cafferata*, 39 Mo. 136. The *third* is sustained by the authorities already cited on that subject. The *fourth* by the following authorities, as well as common sense: *Hill v. Palm*, 38 Mo. 13; *Alexander v. Harrison*, 38. Mo. 258; *Sharpe v. Johnstone*, 50 Mo. 83; *Ibid*, 59 Mo. 557. The *fifth* is covered by the first instruction. The *sixth* is supported by *Sharpe v. Johnstone*, 59 Mo. 557.. The *seventh* is only as to the form of the verdict and is entirely unobjectionable, as it tells the jury to make a finding on each count.

IV. In regard to *defendant's* instructions refused those numbered twelve and sixteen are wholly on counts other than the *first* and have nothing to do with the case at bar. That numbered eleven is based upon a state of facts unparalleled in legal history and the annals of

jurisprudence. There is no authority to support it and none to condemn it. The others were all properly refused.

V. Defendant has no cause to complain of the verdict. The trial was fair and impartial.

ELLISON, J.—This action is for malicious prosecution, the petition containing four counts.

The first was based on the arrest and imprisonment of plaintiff on defendant's affidavit charging him with having stolen two fat hogs.

. The second was for the arrest and imprisonment of plaintiff on the charge of conspiring to murder defendant.

The third was for the arrest and imprisonment of plaintiff on the charge of being about to "commit murder against the person of" defendant.

The fourth was for procuring an indictment against plaintiff and causing his arrest and imprisonment on the charge of conspiring to murder defendant and with inciting and persuading others to murder him.

At the beginning of the trial the defendant objected to any testimony under either count in the petition for the reason that neither of them stated facts sufficient to constitute a cause of action.

The objection was sustained as to the first and fourth counts and overruled as to the second and third. The bill of exceptions then recites that, "plaintiff in support of said *second* and *third* counts introduced the following evidence, to-wit:" At the close of the evidence for plaintiff, the court against defendant's objection and exception, permitted plaintiff to amend the first count in his petition, by inserting, by interlineation, the words "without probable cause."

There was a verdict for plaintiff on the first count for five hundred dollars, and for defendant on each of the other counts.

Defendant appeals.

The court erred in permitting the amendment at the close of the plaintiff's case. At the opening of the trial it sustained the objection to any testimony under the first and fourth counts. The evidence on part of plaintiff was then proceeded with under this ruling, and defendant had a right to develop his defence and cross-examine the plaintiff's witnesses with reference to the case as it remained or existed after the court had excluded the two counts from consideration. If defendant had known the first count was to be brought back into the case he might have adopted a different line of defence, altogether.

Amendments may be made before final judgment, in furtherance of justice (sect. 3567, Rev. Stat.), but not under circumstances like those presented in this case. An amendment is properly allowed of a pleading upon which the parties go to trial, but is not to be permitted of a pleading that has been abandoned, stricken out, or ruled out of consideration in the case. According to the record before us plaintiff has been permitted to recover on the first count of the petition when no evidence was offered in support thereof; for immediately following the court's action sustaining the objection to the first and fourth counts and overruling it as to the second and third counts, the bill of exceptions recites that evidence was then heard in support of the two latter counts, as above stated.

The instructions for the plaintiff, with the exception of the second, were properly given under the evidence. The second is faulty, in that it required defendant to prove he had probable cause *and* was not actuated by malice in having plaintiff arrested. It was not necessary to prove both the propositions. If defendant had probable cause it makes no difference as to his motives, whether malicious or otherwise. The existence of probable cause for plaintiff's arrest would excuse defendant, notwithstanding he may have entertained malice. *Sharp v. Johnston*, 76 Mo. 660. On the part of defendant there

were twenty instructions asked, of which *fourteen* were given, and yet he complains. . Those given, in our opinion, fairly cover the law for defendant. Some of those refused were perhaps proper enough in themselves, but as all is contained in those given, to which defendant is entitled, no error was committed in refusing the others. On the questions of evidence I can see no objection to the court's action in not permitting plaintiff to state what Quick and Williams had testified to before the committing magistrate.

Plaintiff was permitted to show the financial condition, social position, standing and family relation of defendant. The financial condition was a proper subject of inquiry and it has been so held in this state, but I can see no reason for showing the social position or the family relation of defendant. I know of no authority justifying such evidence. His financial condition may be shown for the purpose of enabling the jury to measure his punishment in the way of damages. The amount that would sorely punish a man of small means might be of trivial concern to one of wealth. It.is for this reason such evidence is admissible. Such reason, however, does not reach the question propounded as to social and family relations.

The judgment is reversed and the cause is remanded.