PETER RENFRO, Defendant in Error, v. GEORGE W. PRIOR, Plaintiff in Error.

Kansas City Court of Appeals, April 11, 1887.

1.  ACTION — ASSIGNMENT OF INTEREST AFTER SUIT BROUGHT — CONSTRUCTION OF SECTION 3671, REVISED STATUTES.—Under the provisions of section 3671, Revised Statutes, the original plaintiff may remain plaintiff after assignment in a pending suit, if he be indemnified by the assignee against costs and damages; or the assignee may be substituted as party plaintiff, the original plaintiff dropping out, but, if no move be made by them, it is of no concern to the defendant; but the *recovery*, if any, must be by virtue of the rights of the assignee.

2.  ———— SLANDER—DOES NOT SURVIVE AND IS NOT ASSIGNABLE.—The test to be applied in determining the *assignability* of causes of action is whether the cause of action would *survive* and pass to the personal representative of a decedent. If it *would*, it is transferable by the direct act of the parties; if it *would not*, it is not so assignable. *Held*, that, this being an action of slander, it does not survive and is not assignable. *Held, further*, that section 3671, Revised Statutes, adds nothing to the rights of an assignor or assignee, but simply permits the suit to remain nominally in the original plaintiff, but alters no rights nor interferes with any.

ERROR to Gasconade Circuit Court, HON. A. J. SEAY, Judge.

*Reversed.*

The case is stated in the opinion.

I. W. BOULWARE, for the plaintiff in error.

I.   Plaintiff, by his admissions and testimony, had no claim against defendant and *no interest in the result of the suit.* He had contracted and agreed with his attorney, Pope, that he was to prosecute the suit, and to receive whatever he should recover as his fee—Renfro was not liable for the prosecution. This contract between Renfro and Pope was champertous. *Duke v. Harper*, 66 Mo. 51, and authorities cited; s. c., 2 Mo. App. 1; *Crow v. Harman*, 25 Mo. 471.

II.   Defendant having, on the trial, repudiated and disclaimed all interest in the cause and in the result of the suit, *he is not aided* by the law, as set forth in Revised Statutes, 1879, page 625, section 3671.

III.   The suit is not prosecuted in the name of the *real party in interest.* Rev. Stat., 1879, p. 592, sect. 3432.   Pope had no legal or equitable right or claim to the demand after the judgment he claims to have bought was reversed and set aside. Rev. Stat., 1879, p. 592, sects. 3462, 3463.

IV.   The cause of action did not arise out of contract—it was for unliquidated damages, and would not survive to a personal representative of Renfro.

V.   The court should have determined who was the real party in interest, and not have left this question to the jury. *Williams & Yeatman v. Whitlock*, 14 Mo. 552; *Gardner v. Armstrong*, 31 Mo. 535; *Boogher v. Neece*, 75 Mo. 383.

W. S. POPE, for the defendant in error.

I.   The court committed no error in overruling the various motions in regard to the *assignment* of the reversed judgment to W. S. Pope to secure fees due him-

self and co-counsel ; nor was any arrangement, as to who was to receive the judgment that might be rendered, in anywise champertous. There was no evidence tending to show, nor is it true, that Pope was to furnish money to prosecute the suit, pay costs, or that any contract was made at the time of the commencement of the suit. It was only an arrangement made to secure fees in a long and costly litigation, after suit was commenced and the resources of plaintiff exhausted.

II. Section 3671, Revised Statutes, cited by plaintiff in error, does not sustain his position. It sustains the position of defendant in error. 22 Mo. App. 403 ; *Sharp v. Johnstone,* 50 Mo. 13 ; s. c., 59 Mo. 557 ; *Hill v. Palm,* 38 Mo. 13 ; Field on Damages, sects. 689 and 681.

III. This case was tried in *conformity to the opinion* heretofore rendered, except the side issues injected into it. The champertous contract, of which the defendant complains, comes with bad grace from one who has exhausted his poor tenant, by much aggravating litigation and many changes of venue, to such an extent that he is unable to pay counsel fees ; and, for services rendered, assigns a judgment which had been reversed, and who honestly intended to give them any judgment he might recover for their services. The attorney would have been derelict in duty had he abandoned his client's cause because he became exhausted financially, and would have justly deserved censure. The defendant is unable to pay for printing a brief or argument, and, with the authorities cited, the cause is submitted.

Ellison, J.—This cause was heretofore before us and is found reported in 22 Mo. App. 403. On re-trial, plaintiff recovered judgment, and defendant brings the case here.

Defendant filed the following motion to dismiss the cause :

"Now comes the defendant, George W. Prior, who

states and makes known to the court that said plaintiff heretofore (to-wit: at the May term, 1885, of this court), had and recovered judgment against defendant herein for the sum of five hundred dollars; that the plaintiff sold, assigned and transferred said judgment to one W. S. Pope; that said Pope, by virtue of said assignment, transfer and sale, became, and was, and now is, the absolute owner of said judgment; that said judgment was obtained upon the cause of action stated in the petition herein, and that said judgment was, by the Kansas City Court of Appeals, reversed; that said Peter Renfro is not the real party in interest herein; that he has no interest or claim against the defendant, as in the petition stated; that said Pope is the party interested—all of which defendant is ready to verify and make proof, wherefore defendant moves that this suit be dismissed."

The facts and allegations in this motion were admitted to be true. The motion was overruled and defendant excepted. Defendant then filed the following motion to have Mr. Pope substituted as a party plaintiff:

"Now, at this day, comes the defendant, and says that one W. S. Pope is the legal and equitable owner of the claim (if any), which plaintiff has against the defendant, and set forth in plaintiff's petition; that the plaintiff has no interest or claim whatever in the said cause of action; that all interest and claim of plaintiff therein was, by plaintiff, for value, assigned and transferred to said W. S. Pope; that a judgment was obtained in said cause, in behalf of the plaintiff herein, at the May term, 1885, of this court. Which said judgment was, by plaintiff, sold, assigned and transferred to said W. S. Pope, wherefore he asks that said Pope be made a party plaintiff herein, he being the real party in interest."

The facts and allegations in this motion were likewise admitted to be true. The court overruled the motion and defendant excepted. Plaintiff testified that the

judgment, if any, recovered in this action belongs to Pope. At the close of the testimony, the defendant asked the following instruction :

"The court instructs the jury that, under the law and evidence, the verdict should be for the defendant."

The court refused the instruction, and the defendant excepted.

I am of the opinion that the judgment in this cause cannot stand.

It is admitted to be a fact, that the plaintiff has no interest in this suit; that he has assigned his interest therein to W. S. Pope. The recovery, therefore, must be had on the rights of Pope as they exist by virtue of the assignment, he being the real party in interest. But for section 3671, Revised Statutes, the suit would, under the provisions of the statute, have to be prosecuted in the name of the assignee. By that section the original plaintiff may remain plaintiff, if he be indemnified by the assignee against costs and damages ; or the assignee may be substituted as party plaintiff, the original plaintiff dropping out. This is, however, a matter between the assignor and assignee, and, if no move be made by them, it is no concern of the defendant, and, for this reason, the court properly overruled defendant's motion to substitute the assignee as a party plaintiff. The original plaintiff in this case, however, only remained, after the transfer of his interest, a nominal plaintiff. The recovery, if any, must be by virtue of the rights of Pope as assignee. This is evident, for Pope could have been substituted as the actual plaintiff.

This being an action of slander, it does not survive, and is not assignable. It falls under the maxim, *actio personalis moritur cum persona*. Such actions are not assignable even in this state, which has adopted the liberal rule in regard to assignment for torts. "The test to be applied in determining the assignability of causes of action is, whether the cause of action would survive and pass to the personal representative of a decedent. If it

would, it is transferable by the direct act of the parties ; if it would not, it is not assignable." *Snyder v. Railroad*, 86 Mo. 613. It is apparent, then, that the recovery in this action is a recovery by an assignee of an unassignable cause of action, and it cannot stand. It is manifest that section 3671, Revised Statutes, affords no relief ; for that statute adds nothing to the rights of an assignor or assignee—it is merely permissive. It simply permits the suit to remain nominally in the original plaintiff, but alters no rights nor interferes with any.

The suit proceeds as if the action had been originally instituted by the assignee, or he had been substituted in name, as a party. The suit is controlled by him, and the judgment is his, though in the name of another.

It follows that the judgment should be reversed. All concur.